UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAWN MAY JENKINS,
        PLAINTIFF,

v.                                                  CIVIL ACTION NO. 1:110-CV-11554-JCB

WELLS FARGO BANK, N.A.,
        DEFENDANT.

## MOTION TO DISMISS

NOW COMES the defendant, Wells Fargo Bank, N.A., and moves to dismiss the plaintiff's complaint with prejudice, and in support thereof, states as follows:

1. The plaintiff's complaint is unintelligible on its face, and does not state any cognizable cause of action under either federal or state law for which relief may be granted.

2. This Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or 1332.

3. At a hearing on a preliminary injunction held on September 22, 2010, the Court declined to enter a TRO or injunction, but requested that the defendant provide documentation of the note and mortgage the plaintiff gave, and the current holder and servicer of the note. The defendant's counsel agreed to the Court's request, and in response, files herewith the attached documents the Court requested.

4. Exhibit 1 is a true and accurate copy of the Note signed by the plaintiff. Dawn M. Jenkins on or about October 24, 2005. The note itself allows for assignment of the note and obligation.

5. Exhibit 2 is a true and accurate copy of the Mortgage given by Dawn M. Jenkins to secure the promissory note for the Plaintiff's Condominium. The Mortgage shows that MERS is the "mortgagee under this security instrument" Mortgage at pg. 1, ¶ C.

6. Exhibit 3 is a true and accurate copy of the assignments of this Note in the MERS system. The MERS records show the various assignments of this Note (the computer record is in reverse chronological order). The records show that the Note was eventually assigned to Wells Fargo as the servicer from the FDIC as Receiver for Washington Mutual Bank.

7. Exhibit 4 is a true and accurate copy of the Assignment of Mortgage from MERS to Wells Fargo Bank, N.A. on April 23, 2010, and duly recorded in the Registry of Deeds. Accordingly, Wells Fargo is the Mortgagee by assignment and has the right of foreclosure under the terms and conditions of the Mortgage.

8. Exhibit 5 is a true copy of correspondence sent to the plaintiff, Dawn M. Jenkins on February 1, 2010 explaining that her December 2009 and January 2010 were unpaid.

9. Exhibit 6 is a copy of the Foreclosure Complaint that was filed in the Massachusetts Land Court, along with a copy of the Mortgagee's Affidavit that Wells Fargo Bank is the entity authorized to act under the Mortgage.

10. Exhibit 7 is a copy of a computer printout showing that the plaintiff, as of September 21, 2010, was, with late fees and interest, $18,810.80 in arrears on her Note.

11. Exhibit 8 is a copy of the Order of Notice issued by the Land Court to Dawn M. Jenkins. (The plaintiff attached this as Exhibit B to her original filing, and accordingly, obviously acknowledged receiving this Land Court Notice). The Notice had an appearance and opposition date of September 13, 2010.

12. Exhibit 9 is a copy of the Judgment that issued on September 21, 2010 from the Land Court allowing for the foreclosure of the Plaintiff's Condominium.

13. The attached documents provide the Court with copies of the applicable note, mortgage and assignments in addition to the amount of the arrearage ($18,810.80 and continuing

with attorney's fees, late charges and accrued interest) and the filings in the Massachusetts Land Court showing that Wells Fargo is authorized by state law to proceed with the foreclosure.

14. Counsel agreed, in open court, to provide a copy of these documents to the *pro se* plaintiff by email but she declined to provide her email address. Accordingly, this Motion, and accompanying documents are being served today by First Class Mail and by Constable at the plaintiff's last known address of 33-35 Eastern Avenue, Unit 2, Lynn, Massachusetts 01902 (the subject property for the mortgage and note). The defendant will provide the Court with a Return of Service from the Constable upon receipt.

15. To the extent the Court had any concern as to the validity of the defendant's right to foreclose the plaintiff's mortgage, those concerns have now been addressed with the attached documents, and therefore, the complaint should be dismissed forthwith and with prejudice.

WHEREFORE, the defendant respectfully requests that this Court:

A. Dismiss the Complaint with prejudice; and

B. Allow such further relief as it deems just and appropriate.

RESPECTFULLY SUBMITTED,

WELLS FARGO BANK, N.A.,
BY ITS ATTORNEYS
LITCHFIELD CAVO, LLP

Date: September 24, 2010

/s/ Mark A. Darling
Mark A. Darling, BBO #: 551285
darling@litchfieldcavo.com
6 Kimball Lane, Suite 100
Lynnfield, Massachusetts 01940
Telephone: 781-390-1500
Fax: 781-246-0167

CERTIFICATE OF SERVICE

      I, Mark A. Darling, Esquire, hereby certify that on September 24, 2010, I served the within document and referenced Affidavits and Exhibits by first class mail and constable, to the following:

Dawn May Jenkins<br>
33-35 Eastern Avenue, Unit 2<br>
Lynn, MA 01902

/s/ Mark A. Darling
---
Mark A. Darling

**PROOF OF SERVICE**

| Date | Place |
|---|---|

**SERVED**

| Served on (Print Name) | Manner of Service |
|---|---|

| Served on (Print Name) | Title |
|---|---|

DECLARATION OF SERVER

      I declare under penalty of perjury that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

_____

Signature of Server

_____

Address of Server